IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON, | § | |
| TDCJ No. 2198087, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-2102-E-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Deondray Raymond Mason, a Texas prisoner, filed a court-ordered amended *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 2018 Ellis County conviction for burglary of a habitation. *See* Dkt. No. 6.

United States District Judge Ada Brown has referred Mason's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, on October 20, 2023, the undersigned entered findings of fact and conclusions of law recommending that, under the circumstances here, the Court should dismiss Mason's federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases [Dkt. No. 8] (the Limitations FCR).

Prior to the deadline to file objections to the Limitations FCR, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), Mason moved for leave to further amend his Section 2254 claims.

Considering Mason's motion and the proposed amended pleading attached to it [Dkt. No. 10-1], the undersigned enters these supplemental findings of fact, conclusions of law, and recommendation that the Court should deny the motion for the reasons set out in the Limitations FCR as supplemented below and dismiss Mason's federal habeas application with prejudice as time barred.

## Discussion

The Federal Rules of Civil Procedure, including Rule 15, as to amended and supplemental pleadings, apply to Section 2254 proceedings. *See* RULES GOVERNING SECTION 2254 CASES RULE 11; *Westphal v. Stephens*, No. 3:14-cv-3337-P, 2015 WL 9999182 (N.D. Tex. Dec. 18, 2015), *rec. accepted*, 2016 WL 427383 (N.D. Tex. Feb. 4, 2016); *Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 2746951, at *2 (S.D. Tex. Sept. 19, 2007).

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229

(5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So, in a civil case, "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has "'state[d] a claim to relief that is plausible on its face.'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Allowing Mason leave to amend would be futile. His proposed amended pleading fails to include factual content from which the Court may infer that his Section 2254 claims are timely. In fact, the proposed amended claims are not timely for the reasons set out in the Limitations FCR. So Mason's amended habeas petition would still be subject to dismissal.

And, to the extent that, through either the motion to amend or the proposed amended pleading, Mason requests court-appointed counsel, that request should be denied.

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012).

But, under the Criminal Justice Act (CJA), as implemented by the Court's CJA Plan, *see* MISC. ORDER NO. 3 (N.D. Tex. Dec. 20, 2018), "a [financially-eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require,'"

*Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)); *see also* MISC. ORDER

NO. 3, ¶ IV(A)(2)(b).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)

(citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)).

Even if Mason is financially eligible, the interests of justice at this stage of this

proceeding do not require that the Court appoint him counsel.

## Recommendation

The Court should deny Petitioner Deondray Raymond Mason's motion for leave

to amend and to appoint counsel [Dkt. No. 10] and dismiss Mason's 28 U.S.C. § 2254

habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: October 30, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE